IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN M. FLOYD & ASSOCIATES, INC. | * | |
| Plaintiff, | * | Civil Action No. RDB-18-2887 |
| v. | * | |
| HOWARD BANK | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff John M. Floyd & Associates, Inc. ("JMFA" or "Plaintiff") brings this action against Defendant Howard Bank ("Howard" or "Defendant"), alleging that Defendant breached the terms of the September 2015 written contract with Plaintiff ("ODP Agreement"). Specifically, Plaintiff brings this action under Breach of Contract, Quantum Meruit, Conversion, and Declaratory Judgment.

Currently pending before this Court is Defendant's Motion for Partial Dismissal of Plaintiff's Original Complaint. (ECF No. 9.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the following reasons, Defendant's Motion for Partial Dismissal of Plaintiff's Original Complaint (ECF No. 9) is DENIED IN PART and GRANTED IN PART. Specifically, the Motion to Dismiss is denied with respect to the quasi-contract claim and granted with respect to the conversion and declaratory judgment claims.

## BACKGROUND

In a ruling on a motion to dismiss, this Court must accept the factual allegations in the plaintiff's complaint as true and construe those facts in the light most favorable to the plaintiffs. *See, e.g., Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

Howard, a local Maryland bank, entered into discussions with JMFA, a Texas corporation, concerning an "Overdraft Privilege Program" ("ODP") resulting in a proposal in September 2015. In exchange for implementing ODP, Howard agreed to pay JMFA a percentage of any income over the baseline for existing accounts as well as any new accounts that may subsequently be added. Howard agreed to a term of 36 months for the ODP Agreement, which would begin on the first month of implementation. Howard also agreed that if it chose to terminate prior to the conclusion of 36 months, it would owe JMFA fees based upon the remaining months. In September 2015, Howard and JMFA entered into a contract agreeing to install ODP pursuant to these conditions.

In November 2015, JMFA presented Howard with a baseline as well as instructing Howard as to installation, implementation, and training. Following approval, Howard implemented JMFA's recommendations on April 1, 2016. In October, Howard began sharing revenues with JMFA as required by the ODP Agreement. One year later, in October 2017, Howard advised JMFA of its intent to acquire First Mariner Bank, which was finalized with the merger in March 2018. JMFA presented a new baseline for fees to Howard on April 16, 2018 based upon Howard's acquisition of First Mariner Bank. Howard approved the revisions on April 25, 2018.

On May 17, 2018, Howard sent an email to JMFA cancelling the ODP Agreement. Following termination, Howard offered to pay the ODP fees for the months remaining on the contract for the legacy Howard Bank accounts, but not for the newly acquired First Mariner Bank accounts that were also profiting from the implementation of ODP.

JMFA filed suit in this Court on September 18, 2018. (Compl., ECF No. 1.) Howard filed the instant Motion for Partial Dismissal for Failure to State a Claim on October 19, 2018. (ECF No. 9.) For reasons as stated herein, Howard's motion is DENIED IN PART and GRANTED IN PART. Specifically, the Motion to Dismiss is denied with respect to the quasi-contract claim and granted with respect to the conversion and declaratory judgment claims.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). The sufficiency of a complaint is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl., Corp. v. Twombly*, 550

U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

In reviewing a Rule 12(b)(6) motion to dismiss, a court "accepts the facts as alleged" in the Plaintiff's complaint. *Quintana v. City of Alexandria, et al.*, --- F. App'x ---, No. 16-1630, 2017 WL 2438774, at *1 (4th Cir. June 6, 2017) (citing *LeSeur-Richmond Slate Corp. v. Fehrer*, 666 F.3d 261, 264 (4th Cir. 2012)); *Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017). "At the motion to dismiss stage, [the court must] accept as true all of the well-pleaded allegations and view the complaint in the light most favorable to [Plaintiff]." *Id.* While a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim.); *see A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

## ANALYSIS

Howard moves for dismissal of JMFA's claims for quantum meruit, conversion, and declaratory judgment pursuant to Rule 12(b)(6). First, Howard alleges that the quantum meruit cause of action should be dismissed as deficient based upon the existence of an express written contract on the subject matter. Second, Howard contends that conversion should be dismissed for three reasons: (1) JMFA alleges conversion of property that is not subject to conversion, (2) to the extent that property was convertible, the property was not improperly

4

obtained or retained, and (3) JMFA failed to assert factual allegations that Howard's exercise of control over the property was to the exclusion of JMFA. Finally, Howard argues that JMFA's declaratory judgement cause of action should be dismissed as duplicative of the breach of contract claim. This Court addresses these arguments seriatim.

**I.  Quantum Meruit**

Howard argues that JMFA's quantum meruit claim must be dismissed because Maryland law precludes recovery under quasi-contractual claims where an express contract exists on the subject matter. JMFA argues that the claims can be brought simultaneously because there is a dispute as to the terms of the express written contract.

It is well-established under Maryland law that quasi-contractual claims generally cannot arise where an express contract between the parties exists. *See Cnty Com'rs of Caroline Cnty v. J. Roland Dashiell & Sons, Inc.*, 747 A.2d 600, 607 (Md. 2000). Therefore, a plaintiff cannot recover under a quasi-contract claim "when a contract exists between the parties concerning the same subject matter on which the quasi-contractual claim rests." *Id.* However, although a plaintiff "may not recover under both contract and quasi-contract theories, [he is] not barred from pleading these theories in the alternative where the existence of a contract concerning the subject matter is in dispute." *Swedish Civil Aviation Admin. v. Project Management Enterprises, Inc.*, 190 F. Supp. 2d 785, 792 (D. Md. 2002). As this Court has previously noted, a plaintiff may plead these theories alternatively where there is a dispute as to the existence of a contract as a whole, the subject of the contract, and even the terms of the agreement. *See West v. Koehler*, Civil Action No. RDB-11-3051, 2012 WL 868657, at * 6 (D. Md. Mar. 13, 2012).

5

In this case, there is no dispute as to the existence of an express contract, the ODP Agreement, nor is there a dispute as to the general subject matter of the Agreement being the implementation of ODP recommendations. However, there certainly is a dispute as to the terms of the agreement. The parties breach of contract dispute centers on a disagreement as to whether Howard is liable for payments on JMFA's newly-acquired First Mariner accounts. Therefore, there is a dispute as to the terms of the ODP Agreement, allowing for quasi-contractual claims to be brought in the alternative to the breach of contract claim.

## II. Conversion

Howard argues that JMFA's conversion claim fails for three reasons. Howard alleges that JMFA's conversion argument must fail because the recommendations provided are not convertible property. Howard argues that the recommendations do not fall under the narrow type of intangible property subject to conversion under Maryland law. Second, Howard argues that even if the recommendations did qualify as convertible property, the conversion claim would fail because the property was obtained properly. Finally, Howard argues that the conversion claim must fail because JMFA failed to assert factual allegations that Howard's retention of the property was to the exclusion of JMFA's rights.

Maryland defines conversion as "any distinct act of ownership or dominion exerted by one person over the personal property of another in denial of his right or inconsistent with it." *Darcars Motors of Silver Spring, Inc. v. Borzym*, 841 A.2d 828, 835 (Md. 2004) (quoting *Allied Inv. Corp. v. Jasen*, 731 A.2d 957, 963 (Md. 1999)). Therefore, in order to maintain a claim of conversion, JMFA must establish both that Howard exercised control over JMFA's property and did so in denial of JMFA's rights to the property.

Historically, conversion was applicable only to tangible property, but the tort has expanded to include narrow types of intangible property. *Allied Inv. Corp.*, 731 A.2d at 963-964. The expansion of conversion to intangible property extends to "intangible property rights that are merged or incorporated into a transferrable document." *Id.* Intangible property can be converted where "the defendant converts a document that embodies the plaintiff's right to the plaintiff's intangible property." *Thompson v. UBS Fin. Serv., Inc.*, 115 A.3d 125, 131 (Md. 2015).

In order to sufficiently plead conversion, the allegations must include convertible property. *Id.* In this case, JFMA alleges that recommendations provided to Howard for implementation of the ODP program were converted. However, these recommendations are not tangible, nor do they fall under the narrow category of convertible intangible property. While the recommendations may have included a binder of instructions as discussed by JMFA, this is not equivalent to a document that embodies JMFA's rights to intangible property. Therefore, the recommendations are not convertible property.

However, if the property was convertible, Howard also had to improperly obtain or retain the property, depriving the actual owner of the property of its use. In this case, Howard came into possession of the recommendations properly and JMFA did not allege that the contract stated that use of the recommendations was to cease following termination of the Agreement. Further, Howard's use of the recommendations did not prevent JMFA from using the same recommendations. Therefore, even if the recommendations were convertible property, Howard did not exercise dominion over the property to the exclusion of JMFA. Accordingly, JMFA has not sufficiently pled a cause of action for conversion.

7

## III. Declaratory Judgment is Duplicative of Breach of Contract Claim

Howard argues that JMFA's claim for declaratory judgment must be dismissed as duplicative of JMFA's breach of contract claim. "When declaratory relief would be duplicative of claims already alleged, dismissal is warranted." *Chevron U.S.A. Inc. v. Apex Oil Co., Inc.*, 113 F. Supp. 3d 807, 824 (D. Md. 2015) (quoting *Sharma v. OneWest Bank, FSB*, Civil Action No. DKC 11-0834, 2011 WL 5167762, at *6 (D. Md. Oct. 28, 2011); *see also Harte–Hanks Direct Mktg./Balt., Inc. v. Varilease Tech. Fin. Grp., Inc.*, 299 F. Supp. 2d 505, 528 (D. Md. 2004).

In this case, JMFA's request for declaratory relief is duplicative of the breach of contract claim. JMFA asks this Court to declare that Howard is in breach of the ODP Agreement and owes monetary damages to JMFA, in essence, asking this Court to decide on the breach of contract issue. By doing so, JMFA's declaratory judgment action is not seeking to establish anything that the breach of contract claim will not address. Therefore, the action is duplicative of the breach of contract claim and shall be dismissed.

## CONCLUSION

For the foregoing reasons:

1. Defendant Howard Bank's Motion for Partial Dismissal of Plaintiff's Original Complaint (ECF No. 9) is DENIED IN PART and GRANTED IN PART.
    a. Defendant's Motion is DENIED with respect to the Quantum Meruit claim.
    b. Plaintiff's Conversion and Declaratory Judgment claims are DISMISSED.
2. A separate Order follows.

Date: April 18, 2019.

_/s/ Richard D. Bennett_
Richard D. Bennett
United States District Judge